**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-7735

CLARENCE BRITT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-90-26-BR, CA-95-99-7-BR)

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

CLARENCE BRITT,
Claimant-Appellant,
                                                                  No. 96-6125
v.

$206,480.00 IN UNITED STATES
CURRENCY,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CA-90-155-7-F)

Submitted: August 13, 1996

Decided: September 16, 1996

Before WIDENER, HALL, and MURNAGHAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarence Britt, Appellant Pro Se. John Douglas McCullough, Assistant United States Attorney, Stephen Aubrey West, Assistant United States Attorney, Charles Edwin Hamilton, III, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clarence Britt appeals from the district court's dismissal of two motions brought under 28 U.S.C. § 2255 (1988), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. In the first of these motions, No. 95-7735, Britt sought relief from his criminal conviction and sentence. In the second motion, No. 96-6125, he sought a return of property forfeited pursuant to 21 U.S.C. § 881(a) (1988).**1** In No. 95-7735 Britt alleged eleven counts of ineffective assistance of counsel at trial, six counts of ineffective assistance on appeal, prosecutorial misconduct, and violations of the Double Jeopardy Clause. He also moved for recusal of the district judge and for an expedited hearing. In No. 96-6125, he alleged a similar count of ineffective assistance and the same instance of pro-

_____

**1** This motion was alternatively labelled as a motion "under Federal Rules of Criminal Procedure 41(e); and/or inverse condemnation for just compensation under the Taking[s] Clause of the Fifth Amendment."

2

secutorial misconduct. Britt has moved to consolidate both of these motions. We grant Britt's motion to consolidate, **2** and affirm.

We have reviewed the record and the district court's opinion in No. 95-7735 and find no reversible error as to the denial of: (1) his motions for recusal and for an expedited hearing; (2) his ineffective assistance of appellate counsel claims; and (3) all but one of his ineffective assistance of trial counsel claims. Accordingly, we affirm the dismissal of these claims on the reasoning of the district court. United States v. Britt, Nos. CR-90-26-BR; CA-95-99-7-BR (E.D.N.C. Oct. 17, 1995).

We now address Britt's remaining claims. They are: (1) that either his criminal conviction or the judgment of forfeiture entered against his property under § 881(a)(6) and § 881(a)(7) violated the Double Jeopardy Clause; (2) that his trial attorneys were ineffective for failing to object to either his conviction or the forfeiture on double jeopardy grounds; and (3) that the Government engaged in prosecutorial misconduct by seeking forfeiture of his property under 21 U.S.C. § 881 rather than 21 U.S.C. § 853 (1988). We find that these claims do not entitle Britt to relief for the following reasons.

First, the Supreme Court has recently held that forfeitures conducted pursuant to the statutory provisions at issue are neither criminal nor punishment for purposes of the Double Jeopardy Clause and therefore do not impact on that clause when used in conjunction with criminal trials. United States v. Ursery, ___ U.S. ___, 64 U.S.L.W. 4565 (U.S. June 24, 1996) (Nos. 95-345, 95-346). Accordingly, we find that Britt is not entitled to relief on this first claim. Second, Ursery's holding destroys Britt's ability to demonstrate the prejudice required to prevail on his ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668 (1984) (providing standard). Finally, we find that a prosecutor's decision to proceed under § 881 rather than § 853 while pursuing a related criminal conviction is not prosecutorial

_____

**2** Britt has also filed a motion to consolidate these cases with a third § 2255 motion previously disposed of by this court. We deny this motion as moot. He has also moved for sanctions against the Government. We deny this motion as well.

3

misconduct, but rather implementation of Congressionally authorized procedures.

Given these determinations, we affirm the district court's dismissal of both motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4